IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Sharon Baker, | ) |
|    Plaintiff, | ) ) ) |
| v. | ) No.   1:23-cv-00193 ) |
| Caine & Weiner Company, Inc., a California corporation, | ) ) ) ) |
|    Defendant. | ) Jury Demanded |

## COMPLAINT

Plaintiff, Sharon Baker, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Sharon Baker ("Baker"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect defaulted consumer debts that she allegedly owed to Grange Mutual Casualty Company for insurance.

4. Defendant Caine & Weiner Company, Inc. ("C&W"), is a California corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because

it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. C&W operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana.

5. Defendant C&W was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant C&W is authorized to conduct business in the State of Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant C&W conducts extensive business in Indiana.

**FACTUAL ALLEGATIONS**

7. Due to financial difficulties, Plaintiff was unable to pay her debts, including debts she allegedly owed to Grange Mutual Casualty Company for insurance. Defendant C&W attempted to collect these debts from her via negative credit reporting.

8. Unsure about Defendant C&W, and unsure about the debts, Ms. Baker consulted with counsel about her debt issues and the debts that C&W was trying to collect.

9. Accordingly, Ms. Baker's attorney wrote to Defendant C&W, via a letter dated January 25, 2022, to notify it that Ms. Baker was represented by counsel, and that she disputed the debts that C&W was trying to collect. A copy of this letter and fax confirmation are attached as Exhibit B.

10. Ms. Baker's attorney's letter was faxed to, and received by, Defendant C&W at facsimile phone number 866-871-4967, see, Exhibit B.

11. On January 30, 2023, Ms. Baker obtained and reviewed a copy of her

TransUnion credit report, which showed that Defendant C&W had continued to report the debts she allegedly owed to Grange Mutual Casualty Company, but had failed to note that the debts were disputed. The pertinent part of Ms. Baker's TransUnion credit report is attached as Exhibit D.

12. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debts were disputed, when Defendant reported, or continued to report, the debts on Plaintiff's credit report harmed her credit reputation, impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debts on Plaintiff's credit report, that the debts were disputed, made it appear to Plaintiff that she did not actually have the right to dispute the debts.

13. Furthermore, § 1692e(8) of the FDCPA's command, that a debt collector must communicate that a disputed debt is disputed, is rooted in the basic common law principle of defamation/fraud that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information, namely that the debt is disputed.

14. Defendant's collection actions alarmed, confused and emotionally distressed Ms. Baker, negatively impacted her credit score, caused her to act to her detriment, and cost her out-of-pocket expenses.

15. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

16. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False or Misleading Representations

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("… the following conduct is a violation of this section … including the failure to communicate that a disputed debt is disputed …"); see also, Ewing v. Med-1 Solutions, 24 F.4th 1146, 1153-54 (7th Cir. 2022); Evans v. Portfolio Recovery Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

19. Defendant, by continuing to report the Grange Mutual Casualty Company debts to a credit reporting agency, when it knew the debts were disputed by Plaintiff, and by failing to report that the debts were disputed, used false, deceptive or misleading means to collect or attempt to collect debts, in violation of § 1692e(8) of the FDCPA.

20. Defendant's violations of § 1692e(8) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

23. Defendant, by continuing to report the Grange Mutual Casualty Company debts to a credit reporting agency, when it knew the debts were disputed by Plaintiff, and by failing to report that the debts were disputed, used unfair or unconscionable means to collect, or attempt to collect, a debt, in violation of § 1692f of the FDCPA.

24. Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Sharon Baker, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Baker, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Sharon Baker, demands trial by jury.

                              Sharon Baker,

                              By: s/ David J. Philipps_____
                              One of Plaintiff's Attorneys

Dated: January 31, 2023

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com